WHEELER *v.* WHEELER.

[No. 19,967. Filed May 22, 1963.]

*Raikos, Barton, Rochford & Thomas,* of Indianapolis, and *John Vandivier,* of Danville, for appellant.

*Morton & Tumbove,* of Indianapolis, for appellee.

COOPER, C. J.—This matter comes before us on a purported appeal from a final judgment of the Hendricks Circuit Court on a complaint for separation from bed and board and counterclaim for annulment.

The appellee herein has filed a motion to dismiss this attempted appeal or to affirm the judgment below averring that the transcript of record now before us was not filed within the time allowed by Rule 2-2 of the Supreme Court of Indiana.

The record reveals that on the 9th day of November, 1962, the trial court made the following entry:

> "Come parties by respective counsel. Court hears argument and being advised, overrules defendant's motion for new trial."

It also affirmatively appears that the transcript of record was filed with the Clerk of the Supreme and Appellate Court on the 8th day of February, 1963, this being more than ninety (90) days after the ruling on the motion for new trial.

Rule 2-2 of our Supreme Court states, among other things, that the transcript of record and the assignment of errors must be filed within ninety (90) days from the date of judgment or the ruling on the motion for a new trial, with certain exceptions. It appears that the case now before us does not come within the exceptions.

Rule 2-6 of our Supreme Court provides, among other things, that, "There shall be attached to the front of the transcript, immediately following the index, a specific assignment of the errors relied upon by the appellant in which each specification of error shall be complete and separately numbered. . . ."

We fail to find any assignment of errors in the transcript of record as provided for by Rule 2-6.

Where there is no proper assignment of errors, such defect is jurisdictional and the attempted ap-

peal will be dismissed. See authorities cited in Flanagan, Wiltrout and Hamilton's, Indiana Trial and Appellate Practice, §§2381-2382, 1961 Pocket Supplement.

By reason of what we have heretofore stated, this attempted appeal is dismissed.

NOTE.—Reported in 190 N. E. 2d 425.